the plaintiffs below, for $812.25, and defendant brings the record here by appeal. The case shows that the defendant, being in the banking business in the city of Chicago, the firm of Eddy, Harvey & Co. became its customer ; that the latter failed, owing the defendant about $23,000 ; that after such failure, the defendant, through 'its president, employed the plaintiffs, who were practicing lawyers in said city, to undertake the collection of said indebtedness ; that plaintiffs entered upon the performance of that undertaking, bringing one suit in the Federal and another in the State court against the members of the firm of Eddy, Harvey & Co., and performed considerable legal services in connection therewith, and the evidence shows that while such proceedings were pending an offer of compromise, at ninety cents on the dollar, of said indebtedness, was made on behalf of Eddy, Harvey & Co., through their attorneys, to plaintiffs, but that the defendant had declined to accept it. The evidence tended to show that such offer was the result of what the plaintiffs had done toward the discovery of a member of the firm of Eddy, Harvey & Co., who was individually of sufficient financial ability to quite insure the collection of the entire indebtedness in question. The court is of opinion that the evidence sustains the verdict. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellant, Messrs. FRANK J. SMITH & HELMER, and Mr. W. J. HERRICK ; for appellee, Mr. FREDERIC ULLMANN. Opinion filed Jan. 6, 1886.

No. 91—2205. George Lehman et al. v. John Hasserman. This action was by Hasserman, as payee, against appellants, as makers, upon two promissory notes bearing date March 27, 1884. The pleas were general issue, a plea of partial failure of consideration, setting up that the notes were given for part payment of an engine, boiler and machinery of a brick yard at Park Ridge, and the right to dig clay from a certain clay bank for making brick ; that plaintiff warranted said engine, boiler and machinery to be in a sound and good condition ; that said clay bank was distant from the yard only two miles, and that 16,000 bricks per day could be made, and that it would require only four teams to haul the clay, averring breach and damage. Plaintiff replied traversing all material averments of the plea. The court found the issues for the plaintiff, and

gave judgment for the full amount of the notes and interest, from which defendants took an appeal to this court. The court finds no error of law to which exception was taken, and that there was no such preponderance of evidence in favor of the defendants as would justify the court in interfering with the finding of the court below. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellants, Mr. CHARLES J. BEATTIE ; for appellee, MESSRS. DENT, BLACK & CRATTY BROS. Opinion filed Jan. 6, 1886.

No. 62—2176. John D. Caton v. Andrew Bloom. This was an action on the case brought by appellee against appellant, to recover for the loss of a hand, through the alleged negligence of appellant in failing to provide and keep in repair suitable machinery for operating a stone-crushing drop hammer, which appellee was tending while in appellant's service as a laborer. There was a judgment and verdict for the plaintiff in the court below, for $4,000, and the defendants brought the case here by appeal. The evidence tended to show that appellee's hand was caught and crushed under the falling hammer while he was operating the same in the exercise of ordinary care, and that the injury was the result of a defect in the machinery which worked the hammer. Whether appellant used reasonable care and diligence in providing and maintaining machinery that was safe, was a question of fact falling peculiarly within the province of the jury to determine ; and this was the principal subject of controversy at the trial. The evidence was conflicting. The jury who saw and heard the witnesses must be presumed to be better able to judge as to the weight of the evidence than this court can be, and their finding should not be disturbed unless it is against the clear preponderance of the evidence. Judgment affirmed. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellant, Mr. CHAS. E. TOWNE ; for appellee, Mr. WILLIAM HOYNES and Mr. JOHN GIBBONS. Opinion filed Jan. 6, 1886.

No. 53—2167. Frank F. Cole v. John T. Cosgrove. This was trover, by Cosgrove against Cole, to recover damages for the wrongful conversion of a stock of boots and shoes which had been pledged by the former to the latter. The plaintiff, upon the verdict of the jury, had judgment for $7,842.55,